IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-46-BO
No. 4:18-CV-118-BO

| | |
|---|---|
| TERRY LAMONT SPELLER,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)     O R D E R<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to reconsider [DE 88] and motion to amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [DE 89]. For the reasons discussed below, petitioner's motion to reconsider [DE 88] is DENIED and his motion to amend [DE 89] is GRANTED. The government's motion to dismiss petitioner's § 2255 [DE 81] is DENIED AS MOOT.

## BACKGROUND

In August 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of health care fraud, in violation of 18 U.S.C. § 1347, and one count of engaging in monetary transactions in property derived from health care fraud, in violation of 18 U.S.C. § 1957. [DE 19, 21]. Petitioner was fraudulently billing Medicaid and using the proceeds on personal purchases. [DE 15, p. 10]. In March 2016, Judge James C. Fox sentenced petitioner to a total term of 240 months' imprisonment, 3 years' supervised release, a $200 special assessment, and restitution in the amount of $5,962,189.77. [DE 29, 31]. Petitioner appealed and the Fourth Circuit dismissed his appeal given the appellate waiver in petitioner's plea agreement. [DE 52].

In June 2018, petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 60]. In October 2018, the Court granted petitioner leave to file an amended § 2255

motion. [DE 74]. The government has again moved to dismiss petitioner's § 2255, and petitioner has again moved to amend in order to state additional facts. [DE 89]. Additionally, in February 2019, the Court denied petitioner's motion for copies of the victim affidavits in his case. [DE 87]. Petitioner moves to reconsider that order. [DE 88].

## DISCUSSION

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat' l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The decision to alter or amend a judgment is committed to the discretion of the district court. The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). In challenging this Court's February 14, 2019 order denying his motion for copies of victim affidavits, petitioner does not allege an intervening change in controlling law or new evidence. Petitioner simply argues, unpersuasively, that he has a right to access victim affidavits under the First Amendment. The Court has already denied petitioner's request and petitioner has not demonstrated that the Court committed a clear error of law or worked manifest injustice in so doing. Petitioner's motion to reconsider is denied.

Petitioner also moves to file a second amended § 2255 petition. The government has not filed a response in opposition. The law is well settled that "leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of*

2

*Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted). For good cause shown, petitioner's motion to amend his § 2255 is granted. The government's motion to dismiss is, therefore, denied as moot.

## CONCLUSION

For the reasons discussed above, petitioner's motion to reconsider [DE 88] is DENIED and his motion to amend [DE 89] is GRANTED. The government's motion to dismiss petitioner's § 2255 [DE 81] is DENIED AS MOOT. The government is DIRECTED to respond to petitioner's amended § 2255 motion [DE 89-1] as appropriate under Rule 5 within 40 days.

SO ORDERED, this __8__ day of April, 2019.

*[signature]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3