IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-46-BO
No. 4:18-CV-118-BO

| | |
|---|---|
| TERRY LAMONT SPELLER,<br>    Petitioner, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's second amended *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 89-1]. The government has moved to dismiss petitioner's second amended § 2255 motion. [DE 103]. Petitioner has also moved to stay a writ of execution [DE 94], petitioned for a writ of *audita querela* [DE 96], moved for a certificate of appealability [DE 100], and moved for leave to supplement his second amended § 2255 [DE 106]. All of the motions are ripe for disposition. For the reasons discussed below, petitioner's motion for leave to supplement his § 2255 [DE 106] is GRANTED, the government's motion to dismiss [DE 103] is GRANTED and petitioner's second amended § 2255 motion [DE 89-1] is DISMISSED, petitioner's original § 2255 motion [DE 60] is DENIED AS MOOT, and petitioner's motions to stay the writ of execution [DE 94], obtain a writ of *audita querela* [DE 96] and obtain a certificate of appealability [DE 100] are all DENIED.

BACKGROUND

In August 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of health care fraud, in violation of 18 U.S.C. § 1347, and one count of engaging in monetary transactions in property derived from health care fraud, in violation of 18 U.S.C. § 1957. [DE 19,

21]. Petitioner was fraudulently billing Medicaid and using the proceeds on personal purchases. [DE 15, p. 10]. In March 2016, Judge James C. Fox sentenced petitioner to a total term of 240 months' imprisonment, 3 years' supervised release, a $200 special assessment, and restitution in the amount of $5,962,189.77. [DE 29, 31]. Petitioner appealed and the Fourth Circuit dismissed his appeal given the appellate waiver in petitioner's plea agreement. [DE 52].

In June 2018, petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 60]. In October 2018, the Court granted petitioner leave to file a first amended § 2255 motion. [DE 74]. In February 2019, the Court denied petitioner's motion for judicial records. [DE 87]. Then, in April, the Court denied petitioner's motion for reconsideration of the Court's February order but granted petitioner leave to file a second amended § 2255 motion. [DE 95]. In response to the Court's February denial of his motion for judicial records and April denial of his motion for reconsideration, petitioner has moved for a certificate of appealability "on the issue of [w]hether [p]etitioner, a citizen[,] has a qualified right of access to judicial records." [DE 100].

In March 2019, the Clerk of Court issued a writ of execution on real property located in Plymouth, North Carolina and in which petitioner has a substantial financial interest. [DE 92]. The following month, petitioner moved to stay execution of the writ given his pending § 2255 motion and his intention to file a motion to quash the writ. [DE 94]. Shortly thereafter, he petitioned for a writ of *audita querela* to "stop enforcement of judgment as to restitution." [DE 96]. The government has responded in opposition to petitioner's motion to stay execution and petition for a writ of *audita querela*. [DE 110].

Petitioner's second amended § 2255 motion includes ten alleged grounds for relief. Petitioner alleges that (1) trial counsel was ineffective in failing to move to dismiss his charges under the Speedy Trial Act, (2) trial counsel was ineffective in "failing to recognize the violation

2

of the Speedy Trial Act and counseling a guilty plea to a count that should have been dismissed," (3) that trial counsel was ineffective in "failing to object to the Court's failure to follow its own rules governing loss and restitution," (4) that trial counsel was ineffective in "failing to review the relevant guideline case law and guidance for vulnerable victim enhancements," (5) that trial counsel was ineffective in "failing to review the relevant guideline case law and guidance for abuse of position of trust," (6) that trial counsel was ineffective in "fail[ing] to investigate the firearm enhancement and object to the Court's application," (7) trial counsel was ineffective in "fail[ing] to object to sophisticated means based on recent amendments," (8) trial counsel was ineffective in "fail[ing] to object to the number of victims," (9) trial counsel was ineffective in "counseling a plea to Count Two . . . without adequate pre-plea investigation," and (10) the district court violated petitioner's due process rights by "threatening to take away his acceptance of responsibility for challenging inapplicable sentencing enhancements" or, alternatively, appellate counsel was ineffective "for not attacking the [appellate] waiver on [the] basis [of] enhancements."

The government has moved to dismiss petitioner's second amended § 2255 motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. [DE 103]. Petitioner has responded in opposition to the motion to dismiss.

### DISCUSSION

**1. Petitioner's motion for a certificate of appealability is denied.**

Petitioner's motion for a certificate of appealability on the question of whether he has a "qualified right of access to judicial records" must be denied. In October 2018, petitioner moved this Court for an order directing the U.S. Probation Office to "provide him copies of the [victims'] affidavits used to determine the loss and restitution" in his case. [DE 75]. In February 2019, the Court denied petitioner's motion, determining that petitioner was not entitled under federal law to

3

access any underlying victim affidavits and that petitioner instead had the opportunity to object to loss calculations contained in his presentence report. [DE 87]. Petitioner moved for reconsideration of the Court's February order and his motion for reconsideration was denied. [DE 95]. Petitioner now seeks a certificate of appealability on whether he, as a U.S. citizen, is entitled to copies of victim affidavits.

Certificates of appealability, authorized by 28 U.S.C. § 2253, govern the right to appeal the dismissal of a federal habeas corpus petition. *Slack v. McDaniel*, 529 U.S. 473, 480–82 (2000). In order to obtain a certificate of appealability, a petitioner must demonstrate that reasonable jurists would find that a court's assessment of the constitutional claims in a federal habeas petition are debatable and, accordingly, any dispositive procedural ruling dismissing the constitutional claims in the habeas petition is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because the motion at issue was not a federal habeas petition, § 2253 is inapplicable. Petitioner is not entitled to a certificate of appealability on the Court's denial of his motion for judicial records. Additionally, petitioner cannot obtain a certificate of appealability to raise particular legal issues on appeal, because in general, parties can only raise legal arguments on appeal from a final judgment. The final judgment rule, with some limited exceptions that are not applicable here, serves as a bar on piecemeal appeals. *See Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). In sum, petitioner is not entitled to a certificate of appealability and his motion is denied.

**2. Petitioner's motion to stay execution and petition for a writ of *audita querela* are denied.**

First, petitioner's motion to stay execution of the writ of execution issued by the Clerk in March 2019 is denied. Petitioner moved to stay execution of the writ so that he could file a motion to quash and so that his § 2255 proceedings could be resolved. To date, however, petitioner has

not filed a motion to quash the writ of execution. Instead, he has petitioned for a writ of *audita querela.*

The writ of execution was issued in March 2019 to require petitioner to sell his property in Plymouth, North Carolina in order to satisfy—at least in part—the restitution that he owes. A restitution order is a final judgment. 18 U.S.C. § 3664(o). Under Rule 8 of the Federal Rules of Appellate Procedure and Rule 38 of the Federal Rules of Criminal Procedure, a federal district court has discretion to stay collection of a restitution order. The party requesting a stay bears the burden of establishing that a stay is appropriate. *Nken v. Holder*, 566 U.S. 418, 433–34 (2009). A court deciding whether to grant such a stay should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Petitioner has not demonstrated that a stay is appropriate. Principally, he has not made a "strong showing" that he is likely to succeed on the merits of his challenge to the restitution order. Petitioner appears to argue that his restitution order is defective because the U.S. Probation Office failed to provide his victims with notice and the opportunity to submit affidavits regarding their losses. [*See* DE 94, p. 1]. First, petitioner has not demonstrated a likelihood of success on the merits of his challenge because he failed to raise the challenge at sentencing or on direct appeal and, as a result, the issue is waived. *See United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir. 1989) (holding that the failure to allege on direct appeal that a sentencing judge had failed to comply with the Federal Rules of Criminal Procedure meant the issue was waived and could not be raised in collateral proceedings). Second, petitioner has not demonstrated a likelihood of

success on the merits of his challenge because the restitution order is not procedurally defective. Before a court orders restitution, it "shall order the probation officer to obtain and include in its presentence report . . . information sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a). Before providing such a report, the probation officer shall, "to the extent practicable," provide "notice to all identified victims" and provide those victims "with an affidavit form to submit." 18 U.S.C. § 3664(d)(2). Petitioner has offered no evidence in support of his contention that either the probation officer or the Court failed to comply with the requirements of § 3664.

Here, the presentence report (PSR) provided that the United States alone suffered a loss of $6,866,557.56. [DE 25, ¶ 49]. The PSR further explained that there were at least 3,868 other victims that did not receive the full range of medical services that they were entitled to, but that the losses those victims suffered could not be reliably quantified. *Id.* It would have been impracticable, then, to provide all of those victims with affidavits. The probation officer's decision was consistent with the requirements of § 3664(d)(2). The Court had sufficient information in the PSR to exercise its discretion and order restitution in the amount of $5,962,189.77 given the loss of $6,866,557.56 suffered by the United States alone. Petitioner has not demonstrated a likelihood of success on the merits.

To the extent that the second and third *Nken* factors may favor petitioner, they are not sufficient to overcome the significant public interest in collecting restitution for fraud victims. Congress has repeatedly enacted stringent requirements for the prompt, complete repayment of fraud victims. *See, e.g.*, 18 U.S.C. § 3771(a)(6) (providing crime victims with timely restitution); 18 U.S.C. §§ 3663A, 3664(f)(1)(A) (making full restitution mandatory for certain crimes, including health care fraud, regardless of a defendant's ability to pay); 18 U.S.C. § 3613(a)

(limiting the type of property that is exemption from restitution collection). The first and fourth *Nken* factors strongly counsel against a stay. In consideration of all of the factors and the circumstances of this matter, a stay of the writ of execution would not be appropriate. Petitioner's motion for a stay is, therefore, denied.

Second, the petition for a writ of *audita querela* is denied. A writ of *audita querela* is a common-law writ that was expressly abolished in federal civil actions by amendments to Rule 60(b) of the Federal Rules of Civil Procedure. *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). The Supreme Court in *United States v. Morgan*, 346 U.S. 502, however, indicated that the writ may still be available to challenge criminal judgments if needed to "fill a gap in the federal post-conviction remedial scheme." *Miller*, 599 F.3d at 487 (citing *Morgan*, 346 U.S. at 504–11). Historically, the writ of *audita querela* was used to challenge a judgment that, while valid at the time it was imposed, had subsequently been "made infirm by matters that arose after its rendition." *Miller*, 599 F.3d at 487 (citing 7A C.J.S. *Audita Querela* § 4 (2004)).

Here, petitioner again argues that the Court failed to comply with the requirements of § 3664 before imposing its restitution order. If petitioner were correct, this would mean that the judgment was infirm at the time it was rendered, not that it has been subsequently rendered infirm by new circumstances. As such, a writ of *audita querela* would not be the appropriate means of redress. Also, there is no "gap in the federal post-conviction remedial scheme" that would require application of the extraordinary writ. Regardless, for the reasons discussed above, the Court's restitution order was not procedurally defective. The Court and the probation officer complied with all of the requirements of 18 U.S.C. § 3664. Petitioner has not demonstrated that he is entitled to the extraordinary remedy of a writ of *audita querela* in these circumstances. The petition for a writ of *audita querela* is, therefore, denied.

### 3. The government's motion to dismiss is granted and petitioner's second amended § 2255 is dismissed.

The government has moved to dismiss petitioner's second amended § 2255 under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

At the outset, petitioner's motion for leave to supplement his second amended § 2255 motion is granted, and the Court has considered the supporting documents that petitioner provided.

Nine of petitioner's ten claims in his second amended § 2255 motion allege ineffective assistance of counsel under the Sixth Amendment. To state a claim for ineffective assistance of counsel under the governing standard in *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's claims can only succeed if he establishes both

that his counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different.

To the extent that petitioner claims that trial counsel's errors affected the voluntariness of his guilty plea, petitioner's claims must be dismissed. In particular, petitioner asserts in his first, second, and ninth grounds for relief that he would not have pleaded guilty but for trial counsel's errors. But petitioner's statements under oath at his Rule 11 colloquy establish that his guilty plea was knowing and voluntary. At the hearing, petitioner stated under oath that he wished to plead guilty, had discussed the charges with his attorney and understood the charges, had read the plea agreement, and admitted that he was actually guilty of the acts charged. [DE 43, p. 15–32]. "[A] defendant's solemn declarations in open court affirming [a plea] . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks and citations omitted). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted). Petitioner's own statements at his Rule 11 colloquy, made under oath, demonstrate that his guilty plea was knowing and voluntary. Petitioner has not alleged any extraordinary circumstances that would justify disregarding the sworn statements that petitioner made at his Rule 11 colloquy. Thus, petitioner cannot establish under the second *Strickland* prong that, but for counsel's errors, he would not have pleaded guilty and would have instead proceeded to trial.

Next, as to all nine of petitioner's claims of ineffective assistance of counsel, petitioner has failed to demonstrate that he was prejudiced by counsel's alleged errors. To demonstrate

9

ineffective assistance of counsel in the context of guilty pleas, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Fourth Circuit has noted that to satisfy *Strickland* in this context, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *United States v. Jackson*, 554 F. App'x 156, 160 (4th Cir. 2014) (unpublished) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010)). Petitioner has not established that he was prejudiced by any of counsel's alleged errors. His sworn statements at his Rule 11 colloquy establish that his decision to plead guilty was knowing and voluntary. Thus, there is no need to consider whether counsel's performance fell below an objective standard of reasonableness, given that petitioner has not established that he was prejudiced by counsel's alleged errors.

Similarly, as to petitioner's claims that counsel was ineffective at sentencing by failing to raise particular objections, petitioner has failed to establish prejudice. To establish prejudice in the sentencing context, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001) (holding that a defendant is prejudiced if he receives a harsher sentence as a result of counsel's errors, even if that sentence is not *significantly* harsher). Here, again assuming that counsel's performance at sentencing fell below an objective standard of reasonableness, petitioner has not alleged sufficient facts to demonstrate that he was prejudiced. There is no indication that the Court would have sustained any of petitioner's proposed objections or imposed a more lenient sentence had counsel objected to the sentencing enhancements in petitioner's PSR. Thus, all of petitioner's claims of ineffective assistance of counsel fail under *Strickland* because, even

assuming petitioner can establish that counsel's performance was deficient, petitioner has not alleged sufficient facts to demonstrate that he was prejudiced, either at the plea stage or at sentencing.

Finally, petitioner's tenth ground for relief is procedurally defaulted. Petitioner alleges that the Court violated his due process rights in threatening to take away his acceptance of responsibility and, alternatively, appellate counsel was ineffective in failing to challenge the appellate waiver in petitioner's plea agreement. Petitioner failed to raise his due-process claim on direct review, therefore it is procedurally defaulted. *See United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) (holding that errors can only be attacked collaterally if first challenged on direct review). To overcome a procedural default, a petitioner must show "cause for the default and prejudice from the violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1992)). Alternatively, petitioner can show that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999)). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has not alleged any facts that would permit to overcome his procedural default.

Petitioner's alternative claim of ineffective assistance of appellate counsel also fails under *Strickland*. The *Strickland* standard applies to appellate counsel as well as trial counsel. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). But "[e]ffective assistance of appellate counsel 'does not require the presentation of all issues on appeal that may have merit.'" *United States v.*

11

*Mason*, 774 F.3d 824, 828–29 (4th Cir. 2014) (quoting *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008). Generally, ineffective assistance of appellate counsel claims have merit "only when ignored issues are clearly stronger than those presented." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Petitioner has not demonstrated that appellate counsel ignored stronger issues in favor of weaker issues. He has not alleged sufficient facts to demonstrate that appellate counsel's performance was deficient or that the outcome of his appeal would have been different but for counsel's alleged errors, especially in light of the appellate waiver in petitioner's plea agreement. Petitioner's tenth ground for relief must also be dismissed.

In sum, petitioner has failed to allege sufficient facts to state a claim upon which relief can be granted. The government's motion to dismiss under Rule 12(b)(6) must be granted and petitioner's § 2255 motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 483–84; *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 petition debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, petitioner's motion for leave to supplement his § 2255 [DE 106] is GRANTED, the government's motion to dismiss [DE 103] is GRANTED and petitioner's second

amended § 2255 motion [DE 89-1] is DISMISSED, petitioner's original § 2255 motion [DE 60] is DENIED AS MOOT, and petitioner's motions to stay the writ of execution [DE 94], obtain a writ of *audita querela* [DE 96] and obtain a certificate of appealability [DE 100] are all DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 19 day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE