IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 4:15-CR-46-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TERRY LAMONT SPELLER | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

On August 4, 2015, defendant pleaded guilty to health care fraud and engaging in monetary transactions involving criminally deprived property. On March 21, 2016, the Court sentenced him to 120 months' imprisonment on each count to be served consecutively, for a total prison term of 240 months. In May 2020, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded in opposition and the motion is ripe for disposition.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First

---

[1] Pub. L. 115-391, 132 Stat. 5194.

Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). The commentary to section 1B1.13 of the United States Sentencing Commission's advisory *Guidelines Manuel* provides criteria for determining whether extraordinary and compelling circumstances are present. U.S.S.G. § 1B1.13, comment. n.1. These criteria generally concern the age, medical condition, or family circumstances of the defendant.

In addition to considering whether extraordinary and compelling circumstances are present, a court must further consider the 18 U.S.C. § 3553(a) factors.

Here, the § 3553(a) factors caution against relief. Defendant has served only about a quarter of the sentence imposed on him. Defendant engaged in almost seven million dollars in fraud, and his fraud supposedly continued while he was under investigation. He lied to investigators, refused to provide records as part of the investigation, and ran a witness off the road and threatened to kill that witness. The Court finds that the sentence imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing set forth in § 3553(a). Having reviewed the record and considered the relevant factors, the Court concludes that relief under 18 U.S.C. § 3582(c)(1)(A) is not warranted.

## CONCLUSION

Defendant's motion for compassionate release [DE 120] is DENIED.

SO ORDERED, this 21 day of September, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE